IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | 04 cr 655 |
| DAVID ROBINSON | : | NO. 09-1253 |

REPORT AND RECOMMENDATION

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

DATE: 2/17/10

This is a *pro se* Motion to Vacate, Set Aside, or Correct a Sentence, filed pursuant to 28 U.S.C. § 2255, by David Robinson, who is currently incarcerated at the Federal Correctional Institute at Canaan, in Waymart, Pennsylvania. For the reasons set forth below, I recommend that the motion be denied without an evidentiary hearing, as is permitted where the motion, files and records show conclusively that the prisoner is entitled to no relief. 28 U.S.C. § 2255.

I. Factual and Procedural Background

On November 12, 2004, Robinson pleaded guilty to three counts of bank robbery, and one count of possession of a controlled substance by a federal prisoner, in violation of 18 U.S.C. § § 1791(a)(2) and 2113. Transcript of November 12, 2004, Hearing. At that time, Robinson admitted to participating in a fourth bank robbery, with which he was not charged; the effect of his admission was that the fourth robbery could be considered in calculating his sentence. Id. at 8.

At sentencing, on February 14, 2005, counsel for Robinson argued that it was inappropriate to treat Robinson as a career offender, because the seriousness of his criminal history was overstated by his criminal history category. Id. at 8-11; Sentencing Memorandum of February 12, 2005, docketed in this matter as Document 24. He argued that Robinson was an

intelligent and promising young man, who had completed several years of college, but that he was in the grip of a powerful drug addiction. Id.

Robinson's criminal history included a conviction for drug trafficking, one for armed robbery, and one for criminal assault. Counsel pointed out, however, that the armed robbery simply involved approaching a pedestrian while holding a putty knife, and demanding money. Id. at 10. The aggravated assault occurred when Robinson was approached by police officers when he was extremely intoxicated and paranoid, naked and brandishing an axe. Id. at 10-11.

Even the bank robberies, counsel argued, were not particularly threatening. Id. at 11. In each case, Robinson handed to the teller a polite letter, containing no threat. Transcript of November 12, 2004, at 14-16. In the fourth robbery, he entered the bank with the aid of a walker, due to a leg injury. Id. It was during his slow departure from this robbery that he was arrested. Id.

The Court, however, decided to treat Robinson as a career offender, which put his total offense level at 29 (once adjusted for acceptance of responsibility), with a criminal history category of VI, resulting in a recommended range under the Sentencing Guidelines of 151 to 188 months. United States v. Robinson, 186 F. Appx. 311, 312 (3d Cir. Aug. 1, 2006). He sentenced Robinson to 151 months of incarceration, followed by five years of supervised release. Transcript of February 14, 2005, Hearing at 23-24.

Robinson then filed a direct appeal. In a non-precedential decision filed on August 1, 2006, the Court of Appeals for the Third Circuit granted Robinson's appeal, finding that the record was inadequate to permit a review for reasonableness, under United States v. Cooper, 437 F.3d 324 (3d Cir. 2006), because it did not show that the lower court took each of the factors in 18 U.S.C. § 3553(a) into account at sentencing.

Upon remand, Robinson's new counsel filed a 17-page Re-Sentencing Memorandum in which she argued, within the framework of the § 3553(a) factors, that the Court should grant Robinson a downward departure from the advisory guideline range, by declining to label him a career offender. Re-Sentencing Memorandum of November 7, 2006, docketed in this case as Exhibit 40.

At a hearing on November 9, 2006, Robinson's counsel argued – as his former counsel had – that Robinson's prior offenses were relatively less serious than other crimes given the same labels. Transcript of November 9, 2006, Hearing at 8-13. She also argued that Robinson's underlying issue was his drug addiction. Id. Robinson testified at some length, explaining how depression and drug addiction affected his life. Id. at 20-38.

The AUSA, however, emphasized the fact that Robinson had been given lenient sentences in the past, and had violated the conditions of every one. He had committed new crimes, and also failed to complete mandatory drug detoxification programs. The AUSA reported that Robinson had violated probation so many times on his 1994 drug conviction, for which he had originally received assignment to an Accelerated Rehabilitative program, that he would be on probation for that offense until 2009. Id. at 17. The judge appeared to be influenced by that argument, pointing out to Robinson times when he had received "breaks" from sentencing judges. Id. at 23, 26, 31.

At the end of the November 9, 2006, hearing, the judge re-sentenced Robinson to the same 151 month period of incarceration, followed by five years of supervised relief, that he had reached at the first sentencing. Id. at 46-47. He explained that Robinson's history did not warrant a departure from the suggested Guideline range of 151-188 months, given his constant

3

recidivism, although the facts surrounding the crimes charged did warrant a sentence at the extreme low end of the range. Id. at 44-45. At that point, Robinson's counsel had no objections or comments. Id. at 48-49.

Robinson again appealed to the Court of Appeals for the Third Circuit, arguing that the District Court erred in (1) not adequately considering the § 3553(a) factors; (2) not adequately explaining the reasons for imposing the sentence, as required by § 3553(c); and (3) wrongly classifying him as a career offender. U.S. v. Robinson, No. 06-4833 (3d Cir. Oct. 20, 2008). This time, however, Robinson's appeal was denied. Id.

On May 4, 2009, Robinson filed the present petition. In it, he argues again (1) that the facts of his criminal history meant that he should not have been considered a career offender, and (2) that the judge should have used his discretion in disregarding the career offender enhancement. He also argues that (3) his sentence amounts to cruel and unusual punishment, because the judge did not consider that his crimes were committed "because of drug-induced changes in his physiological functions, cognitive abilities and mood" and (4) his attorney was ineffective in permitting the District Court to consider the fourth, uncharged, bank robbery in sentencing.

II. Discussion

A. Robinson's First Two Claims Were Considered On Direct Appeal

Generally, § 2255 may not be employed to relitigate questions which were raised and considered on direct appeal. United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993). The first two arguments Robinson has raised here are identical to those raised in the direct appeal of his resentencing. Although the Third Circuit did not issue a decision accompanying its denial

of this appeal, it is clear from the facts as outlined above, that both of Robinson's attorneys vigorously argued that he should not have been classified as a career offender. The judge acknowledged that the decision whether to depart from the guidelines was within his discretion, but explained why he declined to do so. These circumstances, therefore, fall well within the general rule set forth in DeRewal. For this reason, Robinson's first two arguments must be denied.

B.   Cruel and Unusual Punishment

It does not appear that Robinson has previously argued that his sentence violated the Eighth Amendment's stricture against cruel and unusual punishment. This is an argument, however, which easily could have been raised at sentencing or on direct appeal. Therefore, it, too, is inappropriate for consideration in a § 2255 petition, unless Robinson can show cause for his failure to raise it earlier, and consequent prejudice. United States v. Frady, 456 U.S. 152 (1982), cited in DeRewal, supra ("Frady does apply to any other claims that DeRewal could have properly advanced on direct appeal from his conviction"). Robinson has not argued that he has such cause.

In any event, Robinson's Eighth Amendment challenge to his sentence could not succeed. The United States Supreme Court has said that the Eighth Amendment contains a "narrow proportionality principle" that "applies to noncapital sentences." Ewing v. California, 538 U.S. 11, 20 (2003), citing Harmelin v. Michigan, 501 U.S. 957, 996-997 (concurring opinion of Justice Kennedy) (1991). This means that only those "extreme sentences that are grossly disproportionate to the crime are prohibited." Harmelin, supra, citing Solem v. Helm, 463 U.S. 277, 279 (1983).

5

In Solem v. Helm, supra, the Supreme Court struck down as grossly disproportionate a life sentence with no possibility of parole imposed for the utterance of a "no account" check for $100, which was the defendant's seventh non-violent offense. Nevertheless, in the same year, the Supreme Court upheld a life sentence *with* the possibility of parole for a three-time offender whose offenses were all thefts, in some form, of amounts less than $150. Rummel v. Estelle, 445 U.S. 263 (1980). In Ewing, supra, a 25-year sentence for shoplifting golf clubs was found not to be cruel and unusual, where the defendant's earlier offenses were robbery and burglary. 538 U.S. at 29-30. Under this authority, it would not be possible to find that Robinson's 151-month sentence violated the Eighth Amendment.

C.   Ineffective Assistance of Counsel

In order to succeed on an ineffective assistance of counsel claim, a movant for relief pursuant to § 2255 must show that counsel's performance was deficient and that counsel's actions prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1983). To prove prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In other words, the defendant must show that the "result of the proceeding was fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

Robinson argues that his "guilty plea" to the fourth robbery was illegally obtained. However, Robinson did not plead guilty to this crime, with which he was never charged. Instead, as explained above, he permitted the crime to be considered in calculating his sentence. In his guilty plea colloquy, the District Court judge asked Robinson twice if it was true that

he had agreed to this. Transcript of November 12, 2004, hearing at 8, 20. Robinson agreed that this was true. Id. at 8, 20.

In his petition, Robinson does not set forth any particular reason why his agreement to this was wrongly obtained, only that he was "in an emotionally disturbed state of mine." Petition at ¶ 12D. At the colloquy hearing, however, he stated that his only hospitalization had been for drug use, and that he had not taken any medication at all in the last 24 hours. Transcript of November 12, 2004, hearing at 5-6. He stated that he had been diagnosed at one time with a major depression, but had recently met only once with a psychiatrist at the Federal Detention Center. Id. at 6-7. Robinson has not shown that his admission that he committed the fourth robbery was wrongly obtained.

Just as importantly, in the context of a claim for ineffective assistance of counsel is the fact that trial counsel's strategy in this regard appears to have been reasonable. The fourth robbery was included by the Probation Office in calculating Robinson's offense level in its Pre-Sentencing Investigative Memorandum. Nevertheless, the maximum sentence that Robinson could have received on each count of robbery, and on the drug charge was 20 years. Transcript of November 12, 2004, hearing at 17. The fact that the government agreed not to charge Robinson with the fourth robbery lowered his potential maximum sentence from 100 to 80 years.

Ultimately, the District Court judge sentenced Robinson to concurrent sentences of far less than 20 years. However, Robinson's lawyer could not have known that he would do this. Conduct of counsel is not to be judge in hindsight. Strickland, supra, at 689; Clausell v. Sherrer, – F.3d –, 2010 WL 395092 at *5 (3d Cir. Feb. 5, 2010). Moreover, Robinson received a three-level reduction for taking responsibility for his actions, and for pleading guilty, which suggests

7

that the strategy of "admitting his crimes and seeking mercy" as the United States Attorney has expressed it, was beneficial to him. November 9, 2006, hearing at 7.

**The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.**

III. Conclusion

Based on the foregoing, I make the following:

### RECOMMENDATION

AND NOW, this 17 of February, 2010, IT IS RESPECTFULLY RECOMMENDED that the present Motion to Vacate, Set Aside or Correct a Sentence be DENIED. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| DAVID ROBINSON | : | NO. 09-1253 |

ORDER

BERLE M. SCHILLER, J.

      AND NOW, this     day of     , 2010, upon careful and independent consideration of the Motion to Vacate, Set Aside or Correct a Sentence, and after review of the Report and Recommendation of the United States Magistrate Judge Jacob P. Hart, it is

      ORDERED that:

      1.     The Report and Recommendation is APPROVED and ADOPTED;

      2.     The Motion to Vacate, Set Aside or Correct Sentence is DENIED.

      3.     There is <u>no</u> basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
BERLE M. SCHILLER, J.