**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| v. | : | **CRIMINAL ACTION NO. 04-CR-655-1** |
| | : | **CIVIL ACTION NO. 20-CV-0415** |
| | : | |
| **DAVID ROBINSON** | : | |

| | | |
|---|---|---|
| **DAVID ROBINSON** | : | |
| | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-0688** |
| | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |

<u>**MEMORANDUM**</u>

**SCHILLER, J.**                                                 **JUNE 25, 2020**

After being sentenced to two years of imprisonment for violating the conditions of his

supervised release, David Robinson claims that he should have instead received a sentence of

time already served because of time spent in pretrial detention.  In that regard, he filed a Motion

to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which the Court

construed as a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.  Based

on that construction, the Court opened a new civil action and provided instructions to Robinson

as to how to proceed.  Rather than proceed under § 2241, Robinson filed a Motion for

Reconsideration,[1] in which he objects to the Court's characterization of his § 2255 Motion.  For

the following reasons, the Court will grant reconsideration and dismiss the newly-created § 2241

---

[1] The Motion is fully titled "Motion to Reconsider Denial Without Prejudice Petitioner's 28
U.S.C. § 2255 Construed by the Court as a 28 U.S.C. § 2241."

proceeding.  However, as Robinson has not filed his § 2255 Motion on the appropriate form, he will be given an opportunity to do so.

I.    **BACKGROUND**[2]

After pleading guilty to three counts of bank robbery and one count of possession of heroin by a federal prisoner, Robinson was sentenced on February 15, 2005 to 151 months of imprisonment, five years of supervised release, and restitution.  *United States v Robinson*, Crim. A. No. 04-655-1 (E.D. Pa.) (ECF No. 26.)  He received the same sentence after a resentencing, (*id.*, ECF No. 42), which was affirmed on appeal, (*id.*, ECF No. 59).  On March 25, 2010, the Court, upon recommendation of a Magistrate Judge, denied Robinson's first § 2255 motion and declined to issue a certificate of appealability.  (*Id.*, ECF No. 79.)

Robinson filed a second § 2255 motion, which the Court dismissed for lack of subject matter jurisdiction as an unauthorized second or successive motion.  (*Id.*, ECF No. 81.) Robinson appealed after being denied reconsideration, and the Court of Appeals for the Third Circuit declined to issue a certificate of appealability.  *See United States v. Robinson*, 467 F. App'x 100, 103 (3d Cir. 2012) (per curiam).  Throughout this time, Robinson continued to challenge various aspects of his sentence in this Court and the Third Circuit without success.  *See United States v. Robinson*, 556 F. App'x 68, 70 (3d Cir. 2014) (per curiam).

On March 21, 2016, Robinson's probation officer filed a Notice of Violation of Supervised Release and request for a warrant based on allegations that Robinson committed another bank robbery.  (Crim. A. No. 04-655-1, ECF No. 102.)  After an initial hearing, Robinson was detained pending a final hearing on the violation.  (*Id.*, ECF No. 105.)  On March

---

[2] Discussion of the procedural history is limited to the background required to put Robinson's recent motions in context.

24, 2016, Robinson was charged with two counts of bank robbery in a new criminal proceeding based on the same conduct underlying the violation of supervised release.  *See United States v. Robinson*, Crim. A. No. 16-144 (E.D. Pa.).  He pled guilty in the 2016 criminal case and, on August 28, 2019, was sentenced by the Honorable Juan R. Sánchez to a term of 151 months of imprisonment and three years of supervised release.  (*Id.*, ECF No. 104.)  Robinson's appeal of that sentence is currently pending.

On September 12, 2019, after a hearing, Robinson's supervised release in his first case, Criminal Action Number 04-655-1, was revoked based on his new convictions.  (Crim. A. No. 04-655, ECF No. 111.)  The Court sentenced Robinson on the violation (the "violation sentence") to two years of imprisonment to run concurrently with his sentence in the 2016 case, with no further supervised release.  (*Id.*)

Approximately three months later, Robinson filed his most recent § 2255 Motion.  (*Id.*, ECF No. 114.)  In that Motion, Robinson alleged that he should receive credit on the violation sentence for time he spent incarcerated while awaiting trial in the 2016 criminal case and his final hearing for violating supervised release.  He alleged that, if he received such a credit, his violation sentence would be considered served.  As an aside, he also asked to be relieved of his obligation to pay restitution.

After reviewing Robinson's § 2255 Motion, the Court concluded that, because Robinson sought to challenge the execution of a federal sentence, the filing should be construed as a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.  (*Id.* ECF No. 115.) Based on that construction, the Court: (1) denied the § 2255 Motion without prejudice to Robinson pursuing his claims in a § 2241 petition; (2) opened a new case — Civil Action Number 20-688— in which Robinson could proceed under § 2241; and (3) provided instructions

about filing on the proper form and either paying the $5 fee or moving to proceed *in forma pauperis*, so that Robinson could proceed.  (*Id.*)

In his pending Motion, Robinson seeks reconsideration of this Order.  (*Id.*, ECF No. 117.) He alleges that the Court misunderstood his filing.  Robinson clarifies that he is attacking his violation sentence as "in excess" because of the time he spent in pretrial detention, and that § 2255, rather than § 2241, is the proper vehicle for his challenge.  (*Id.* at 1.)  Robinson also suggests that Federal Rule of Criminal Procedure 35 applies here, and requests termination of his restitution obligation "based on financial hardship." (*Id.* at 2.)  Robinson supplemented his Motion for Reconsideration with a letter in which he asks the Court to consider his violation sentence served because of an alleged misrepresentation by the prosecutor of his criminal history before his initial sentencing in 2005.  (*Id.*, ECF No. 118.)

## II.     DISCUSSION

Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a).  A challenge to the validity of a federal conviction or sentence must be raised in a § 2255 motion. *See Davis v. United States*, 417 U.S. 333, 343 (1974) (explaining that § 2255 "was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus").  In contrast, "[s]ection 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001); *see also Woodall v. Fed. Bureau of Prisons*, 432 F.3d

235, 241 (3d Cir. 2005) (observing "that § 2241 allows a federal prisoner to challenge the 'execution' of his sentence in habeas").

Upon initial review of Robinson's most recent § 2255 motion, the Court understood Robinson to be alleging that he is entitled to credit for time served in pretrial detention on the 2016 charges, such that, upon application of the credit, his violation sentence would be considered served.  (Crim. A. No. 04-655, ECF No. 114 at 1.)  Federal law provides that under certain circumstances, a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences."  18 U.S.C. § 3585(b).  However, "district courts have no authority to credit time toward a sentence under § 3585(b)—that function rests in the sole authority of the [Bureau of Prisons ("BOP")]."  *Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011) (per curiam).  It follows then that if Robinson is challenging the calculation of his sentence, the proper vehicle for his challenge is a petition for a writ of habeas corpus under § 2241.  *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241.").

However, in his Motion for Reconsideration, Robinson clarifies that his intent is to challenge the violation sentence itself as "in excess" because of the "fundamental unfairness of the 3 ½ years [he] served before the 2 year violation sentence was imposed."  (Crim. A. No. 04-655, ECF No. 117 at 1-2.)  Because Robinson intends to attack the validity of the violation sentence itself, rather than its execution, he may proceed with his challenge in a § 2255 motion.[3]

---

[3] Robinson's Motion for Reconsideration suggests that he may also be relying on Federal Rule of Criminal Procedure 35 to pursue his challenge.  The relevant portion of that rule provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  The time-period set forth in Rule 35(a) is jurisdictional.  *See United States v. Washington*, 549 F.3d 905, 916 (3d Cir. 2008).

*See United States v. Clark*, 671 F. App'x 25, 26 (3d Cir. 2016) (per curiam) (claim challenging the legality of sentence for violation of supervised release "would be properly brought in a motion filed pursuant to 28 U.S.C. § 2255").  As this will be Robinson's first challenge to the judgment imposing his violation sentence, his § 2255 Motion is not successive.  *See Vales v. United States*, Civ. A. No., 2006 WL 1308062, at *4 (W.D. Pa. May 11, 2006) ("Vales' motion to vacate, set aside or correct his sentence for violation of the terms of his supervised release pursuant to 28 U.S.C. § 2255 is not a 'second or successive' motion subject to authorization by the Court of Appeals.").

For these reasons, the Court will grant Robinson's Motion for Reconsideration, vacate the Order construing his § 2255 Motion as a § 2241 petition, and dismiss the newly-created case without prejudice to Robinson proceeding on his § 2255 Motion.  *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that a party seeking reconsideration must establish "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available [at the time of the Court's prior ruling]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice").  However, because Robinson did not file § 2255 Motion on the Court's standard form as required by Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing § 2255 Cases in the United States District Courts,[4] the Court will give Robinson time to do so.  When completing the form, Robinson

---

Robinson did not file any motions within fourteen days of sentencing so there is no jurisdiction under Rule 35(a) to correct his sentence.

[4]  Use of the court's current standard form in proceedings under 28 U.S.C. § 2255 is necessary to ensure that a petitioner is made aware, before commencement of a 28 U.S.C. § 2255 action, of the warnings required pursuant to *United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000) (relating to the statute of limitations for filing *habeas corpus* petitions), and *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) (relating to limitations on the right of the petitioner to file a second or successive petition under 28 U.S.C. § 2255).

should clearly articulate the grounds upon which he challenges the violation sentence.  An Order follows.